IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| CALVIN RAY ALLEN, JR.<br>And LOUISE BAILEY, Individually and as<br>Next Friend of Calvin Ray Allen, Jr. | PLAINTIFFS |
| V.    NO. 5:03CV00482 JMM | |
| ALTHEIMER UNIFIED SCHOOL DISTRICT;<br>WILLIAM THOMAS, as Chief Administrative Officer of<br>Altheimer Unified School District, Individually and in<br>his Official Capacity;<br>LYNN WOOD, as Local Education Agent, Individually<br>and in her Official Capacity;<br>CLAUSEY MYTON, former Principal of the School, Individually<br>and in his Official Capacity;<br>ARKANSAS DEPARTMENT OF EDUCATION;<br>THE CITY OF ALTHEIMER POLICE DEPARTMENT;<br>JEFFERSON COUNTY, ARKANSAS | DEFENDANTS |

**ORDER**

Pending is the motion for summary judgment filed by Separate Defendant Arkansas Department of Education. (Docket # 20). Plaintiffs have responded, Defendant has replied and Plaintiffs have filed a rebuttal to Defendant's reply. For the reasons set forth herein, the motion is granted in part and denied in part.

Facts

Plaintiff, Calvin Ray Allen, Jr, ("the student") was a seventeen year old student at Altheimer Unified School District at the time of the facts giving rise to this lawsuit. Plaintiffs state that the student is an asthmatic with mild mental retardation, attention deficit disorder, oppositional defiant disorder and speech impairment and was disabled as defined in the Individuals with Disabilities Education Act, 20 U.S.C. §1400 et. seq.

On January 8, 2003 the Arkansas Department of Education ("ADE") received two requests for due process hearings from the student's mother, Louise Bailey. One request was for an Expedited Due Process Hearing, assigned case number EH-03-03, the other request was for a Regular Due Process Hearing, assigned case number H-03-17. The expedited hearing was held on January 17, 2003. On January 20, 2003 the Hearing Officer issued a decision placing the student in a self contained special education class pending the hearing and decision on the parent's regular hearing request.

Altheimer held a programming conference on January 24, 2003 without the student's parent. Plaintiffs assert that the conference was not pursuant to proper notice and was not conducted properly or to completion pursuant to the Individuals with Disabilities Education Act. Barbara Johnson, Compliance Specialist for the Dispute Resolution Section of the Special Education Unit of ADE, contacted the school district on January 29, 2003 to inform it that there were a number of problems with the individualized education program ("IEP") developed at the January 24, 2003 conference, and there was no documentation to show that the parent had been notified of the conference. Ms. Johnson informed the school that a new conference would have to be held regarding the IEP with proper notification to the parent.

A hearing on the student's regular due process hearing request was held on January 30-31, 2003. The hearing officer issued a decision on February 27, 2003 requiring the school district to conduct several evaluations of the student, to provide copies of all evaluations and reports to the parent, to provide all services as recommended by the evaluators, including residential placement, to provide notice of all conferences to the parent and to provide an opportunity for the parent to review and copy records of the student. Plaintiffs claim that the hearing officer's decision also

required the school district to: (1) afford the parent an opportunity to examine and copy records; (2) automatically give the parent a copy of every individualized education plan, every evaluation done and every evaluation team report on the student; (3) convene all IEP meetings and evaluation conferences with personnel present who can interpret the evaluations and are specialists in the areas of disabilities; provide the student with a complete independent evaluation which complies with the the ADE's Program Standards and Eligibility Criteria for Special Education, Speech or Language Impairment; (4) provide the child with the recommended speech and language services, and with yearly independent speech/language evaluations, for as long as these services are considered necessary; (5) provide that the speech-language pathologist shall be a member of the student's IEP team for as long as the student is in need of these services; (6) immediately arrange for a complete neuropsychological evaluation of the student; (7) develop a behavior plan in conjunction with the State Coordinator for children with Serious Emotional Disturbances, and the child's independent evaluators; (8) give the parent written notice of any proposed changes, and options to the proposed change prior to any change or conference, sufficient in time for parent to arrange attendance by a professional of her choice; (9) provide psychological services as recommended by independent evaluators; (10) provide whatever residential educational placement is recommended by the independent evaluators; (11) provide the student with compensatory education for a maximum of eight school years; (12) reimburse the parent for all prior testing and evaluations paid by the parent; (13) provide the Juvenile Detention Facility with the results of evaluations; the last IEP and the most current; any manifestation determination and functional behavior analysis and the current behavior plan; supply the juvenile detention center with the due process file and provide notice to the parent that the records have been transferred; (14) provide a stay put placement which is all special

education classes at Altheimer High School; (15) not use the juvenile justice system to avoid following due process procedures, but to follow the procedures set out in the Individuals with Disabilities Education Act; and (16) submit a hearing decision status report to the ADE every 30 days, on a form provided by the ADE.

The student turned 18 years old on March 16, 2003. ADE contends that the school district was required to obtain the student's consent prior to conducting an evaluation of him following this date. Plaintiffs dispute that this consent was required.

On March 27, 2003 the ADE received the first status report from the school district. On April 17, 2003, the school district conducted a conference with the student to discuss the necessary evaluations. The parent did not attend this conference and the student would not give his consent to be evaluated. Plaintiffs contend that this conference was not convened with proper notice to the parent or student as required by the hearing officer's ruling.

On May 23, 2003 ADE received notice that the student consented to evaluations. The ADE was notified on May 30, 2003 that the speech language evaluation was scheduled and that the school district had made contact with BridgeWay for the BEAM evaluation. An Evaluation/Programming Conference was held on September 16, 2003 with the school district, parent and student. The school district contends that the student rejected the school district's offer of services and the conference was set to be reconvened at a later time after placement options could be reviewed. Plaintiffs dispute that the student rejected the school district's offer of services and further state that the school district did not offer the stay put placement to the student.

The ADE sent the school district a letter on September 24, 2003 summarizing the information that ADE had received regarding the school district's attempt to comply with the hearing officer's

order, notifying the school district that it had not yet achieved compliance with the order and setting a deadline of October 24, 2003 to do so. The school district requested additional time to comply.

On January 5, 2004, ADE had not received copies of all evaluation reports or other information requested to demonstrate compliance with the hearing officer's order. The ADE scheduled a meeting on January 13, 2004 to discuss compliance and requested that the school district bring copies of all evaluation reports. A meeting was held on January 13, 2004 at ADE with John Bynum, Barbara Johnson, Lynn Wood, Dr. Thomas, Maureen Bradshaw and Bronwyn Palmer at which time the ADE found the information provided by the school district insufficient.

On January 30, 2004, Marcia Harding, Associate Director of Special Education, notified Dr. William Thomas, the school district's Chief Operating Officer, that the district had failed to comply with the hearing officer's decision and that the school district had to immediately comply and take corrective actions by February 24, 2004.

An evaluation/ programming conference for the student was attempted on February 19, 2004 but discussion broke down before the conference was completed. Plaintiffs assert that the conference was held without notice required by the hearing officer and that the district and ADE personnel in attendance became argumentative. By letter dated March 16, 2004, ADE notified the school district that failure to resolve the student's case as set forth in the January 30, 2004 letter would lead to the disapproval of the school district's application for funds under the IDEA.

The evaluation/programming conference was completed on March 29, 2004 without the attendance of the parent or student. The school district agreed to provide homebound instruction to the student until suitable residential placement was chosen by the parent. Plaintiffs assert that such placement was in violation of the hearing officer's ruling as to stay-put placement.

Between April 7, 2004 and April 28, 2004 the school district contacted several residential facilities and made application to those deemed appropriate. Plaintiffs assert that none of these facilities were appropriate. The school district sent a letter to the parent on April 28, 2004 requesting a conference to discuss placement options. The parent did not respond. Plaintiffs assert that the residential placements would not accept the student and would not be appropriate for compliance with the hearing officer's order.

Thereafter, the school district notified the ADE that it was ready and willing to implement the student's individual education program. ADE approved the school district's Consolidated Application for FY-2003-04 and released the funds on May 7, 2004. Plaintiffs contend that the ADE did not enforce compliance with the hearing officer's order and was fully aware of the school district's noncompliance. On June 15, 2004 ADE closed the administrative case file and requested that the school district notify ADE immediately if the student decided to accept the services offered him.

On December 31, 2003 the parent and student filed the present case under the IDEA, §504 of the Rehabilitation Act and the Fifth Amendment to the United States Constitution. Plaintiffs allege that the school district failed to comply with the hearing officer's decision and the ADE failed to enforce the hearing officer's decision against the school district. ADE moves for summary judgment arguing that there are no genuine issues of material fact, that it fulfilled its requirements with regard to the education of the student. ADE argues that the undisputed evidence demonstrates that the ADE consistently notified the school district of its obligations and even withheld IDEA funds from the school district until the district complied with the hearing officer's decision. Plaintiffs contend that genuine issues of material fact exist.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome

of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

The Individuals Disabilities Education Act, 20 U.S.C. §1400 *et. seq*., and Section 504 of the Rehabilitation Act require states to provide disabled students with a free appropriate public education. "One of the Congressional policies behind IDEA is to enable disabled children to be educated alongside their non-disabled peers rather than to be shut off from them, 20 U.S.C. § 1400, and disabled students are to be educated in a mainstream classroom whenever possible. A specialized course of instruction must be developed for each disabled student, taking into account that child's capabilities. 20 U.S.C. § 1414(d)(1)(A). The services that a school district will provide to a child are to be summarized in a written statement called an individualized education program or IEP." *Gill v. Columbia 93 School Dist*., 217 F.3d 1027, 1034 (8th Cir. 2000) *citations omitted*. The State educational agency is responsible for ensuring that the districts throughout the state meet the requirements of the IDEA. 20 U.S.C. §1412(a)(11). School districts and state education departments may be held liable for failing to meet their obligation under IDEA. 20 U.S.C. §§1415 (i)(2)(a)

ADE contends that it fulfilled its requirements with regard to the education of the student. As set forth in the factual section herein, ADE claims that it consistently notified the school district of its obligations and even withheld IDEA funds from the school district until the district complied with the hearing officer's decision. ADE contends that the school district made every effort to comply with the hearing officer's order, however, the parent and student refused to accept services from the school district.

Plaintiffs dispute that they refused to accept services offered. Plaintiffs argue that the failure to implement the hearing officer's decision was due to the ADE's failure to enforce compliance by the school district. Plaintiffs contend that no residential placement was offered that would meet the requirements of the hearing officer's decision. The Court finds that genuine issues of material fact exist which preclude the entry of summary judgment on Plaintiffs' claims against the ADE for failing to enforce the decision of the hearing officer as required by the IDEA.

Plaintiffs request relief in the form of compensatory and punitive damages. Plaintiffs are not entitled to compensatory or punitive damages under the IDEA. *Heidemann v. Rother*, 84 F. 3d 1021 (8th Cir. 1996). Nor are punitive damages available under the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Accordingly, Plaintiffs request for compensatory damages pursuant to the IDEA and punitive damages pursuant to the IDEA the Rehabilitation Act are hereby dismissed.

Wherefore, Defendant's motion for summary judgment is denied in part and granted in part: Plaintiffs' claim for compensatory and punitive damages under the IDEA is DISMISSED with prejudice. Plaintiffs' claim for punitive damages under section 504 of the Rehabilitation Act is also DISMISSED with prejudice.

IT IS SO ORDERED this 6th day of July, 2007.

/s/ James M. Moody
James M. Moody
United States District Judge