IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CALVIN RAY ALLEN, JR.
And LOUISE BAILEY, Individually and as
Next Friend of Calvin Ray Allen, Jr.                     PLAINTIFFS

V.                    NO.  5:03CV00482 JMM

ALTHEIMER UNIFIED SCHOOL DISTRICT;
WILLIAM THOMAS, as Chief Administrative Officer of
Altheimer Unified School District, Individually and in
his Official Capacity;
LYNN WOOD, as Local Education Agent, Individually
and in her Official Capacity;
CLAUSEY MYTON, former Principal of the School, Individually
and in his Official Capacity;
ARKANSAS DEPARTMENT OF EDUCATION;
THE CITY OF ALTHEIMER POLICE DEPARTMENT;
JEFFERSON COUNTY, ARKANSAS                               DEFENDANTS

## ORDER

Pending is the motion for partial summary judgment filed by Separate Defendants Altheimer Unified School District; William Thomas, as Chief Administrative Officer of Altheimer Unified School District, individually and in his official capacity; Lynn Wood, as Local Education Agent, individually and in her official capacity; and, Clausey Myton, former Principal of the School, individually and in his former official capacity. (Docket # 49).  Plaintiffs have responded and Defendants filed a reply.  For the reasons set forth herein, the motion is granted in part and denied in part.

### Facts

Plaintiff, Calvin Ray Allen, Jr, ("the student") was a seventeen year old student at Altheimer Unified School District at the time of the facts giving rise to this lawsuit.  Plaintiffs state that the

student is an asthmatic with mild mental retardation, attention deficit disorder, oppositional defiant disorder and speech impairment and was disabled as defined in the Individuals with Disabilities Education Act, 20 U.S.C. §1400 et. seq.

On January 8, 2003 the Arkansas Department of Education ("ADE") received two requests for due process hearings from the student's mother, Louise Bailey. One request was for an Expedited Due Process Hearing, assigned case number EH-03-03, the other request was for a Regular Due Process Hearing, assigned case number H-03-17. The expedited hearing was held on January 17, 2003. On January 20, 2003 the Hearing Officer issued a decision placing the student in a self contained special education class pending the hearing and decision on the parent's regular hearing request.

A hearing on the student's regular due process hearing request was held on January 30-31, 2003. The hearing officer issued a decision on February 27, 2003 finding that the student had been denied a free and appropriate education by the Altheimer Unified School District and awarding the student eight years of compensatory education.

The hearing officer's decision required the school district to conduct several evaluations of the student, to provide copies of all evaluations and reports to the parent, to provide all services as recommended by the evaluators, including residential placement, to provide notice of all conferences to the parent and to provide an opportunity for the parent to review and copy records of the student. Plaintiffs claim that the hearing officer's decision also required the school district to: (1) afford the parent an opportunity to examine and copy records; (2) automatically give the parent a copy of every individualized education plan, every evaluation done and every evaluation team report on the student; (3) convene all IEP meetings and evaluation conferences with personnel present who can

interpret the evaluations and are specialists in the areas of disabilities; provide the student with a complete independent evaluation which complies with the the ADE's Program Standards and Eligibility Criteria for Special Education, Speech or Language Impairment; (4) provide the child with the recommended speech and language services, and with yearly independent speech/language evaluations, for as long as these services are considered necessary; (5) provide that the speech-language pathologist shall be a member of the student's IEP team for as long as the student is in need of these services; (6) immediately arrange for a complete neuropsychological evaluation of the student; (7) develop a behavior plan in conjunction with the State Coordinator for children with Serious Emotional Disturbances, and the child's independent evaluators; (8) give the parent written notice of any proposed changes, and options to the proposed change prior to any change or conference, sufficient in time for the parent to arrange attendance by a professional of her choice; (9) provide psychological services as recommended by independent evaluators; (10) provide whatever residential educational placement is recommended by the independent evaluators; (11) provide the student with compensatory education for a maximum of eight school years; (12) reimburse the parent for all prior testing and evaluations paid by the parent; (13) provide the Juvenile Detention Facility with the results of evaluations; the last IEP and the most current; any manifestation determination and functional behavior analysis and the current behavior plan; supply the juvenile detention center with the due process file and provide notice to the parent that the records have been transferred; (14) provide a stay put placement which is all special education classes at Altheimer High School; (15) not use the juvenile justice system to avoid following due process procedures, but to follow the procedures set out in the Individuals with Disabilities

Education Act; and (16) submit a hearing decision status report to the ADE every 30 days, on a form provided by the ADE.

The school district claims that it began implementing the hearing officer's order immediately; status reports were given to the ADE by fax on a regular basis; during the 2002-03 school year, the student was placed in a special education class full-time and the school paid the teacher extra because she did not have a prep period in order to stay all day in the classroom with the student. The school district claims that the compliance process was slowed down because the Plaintiffs refused to give consent that was necessary to continue to enforce the hearing officer's orders. Defendants also contend that during the 2003-04 school year, the student chose not to attend Altheimer High School, and while awaiting residential placement, there was an effort made by the school to give the student instruction by homebound participation. Defendants claim that they offered the student other alternatives which were all refused, and Plaintiffs did not go to meetings and appointments set up by the District. Defendants claim that they made exhausting efforts to comply with the hearing officer's order all of which were rejected or ignored by Plaintiffs. The District argues that the student's arrests on campus were the result of acts of violence and not because of his disability. Further, after the IDEA hearing, the student was never arrested or removed from campus. Finally, the Defendants claim that they did not demand a notice of graduation in lieu of the student's compensatory education.

Plaintiffs dispute that the district began implementing the hearing officer's decision immediately and claim that as of the filing of Plaintiffs' complaint, December 31, 2003, the school district, William Thomas, Lynn Wood and Clausey Myton had failed and refused the student's placement in an academic setting as required by the Final Order; failed to comply with the Hearing

Officer's decision; threatened to place the student in an adult jail for disciplinary infractions; never cooperated in insuring an appropriate educational placement as required by law; brought unreasonable criminal charges against the student and used excessive force to effect such arrest; caused the student to be arrested, abused and incarcerated on three occasions for conduct which was a manifestation of his disability; failed to protect him from harm resulting in physical assault and injury; denied educational services to him while he was detained and acted in bad faith. Plaintiffs claim that any services offered by the district were in violation of the Order and the IDEA.

On December 31, 2003 the parent and student filed the present case under the IDEA, §504 of the Rehabilitation Act, 42 U.S.C. §1983 and the Fifth Amendment to the United States Constitution. Defendants argue that summary judgment is proper on the following grounds: (1) the allegations against the individuals in their "official capacity" are tantamount to a suit against the school district; (2) under the IDEA, compensatory damages are limited to recovery of expenses the government should have paid in providing a free appropriate education; (3) any expenses properly recoverable from the school district may not be received from any of the individual defendants; (4) Plaintiffs have failed to show bad faith or gross misjudgment in order to pursue a claim under §504; and (5) Plaintiffs' claims which fail under the IDEA should also fail under §1983.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual

issues that properly can be resolved only by a finder of fact because
they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

The Individuals Disabilities Education Act, 20 U.S.C. §1400 *et. seq.*, and Section 504 of the Rehabilitation Act require states to provide disabled students with a free appropriate public education. "One of the Congressional policies behind IDEA is to enable disabled children to be educated alongside their non-disabled peers rather than to be shut off from them, 20 U.S.C. § 1400,

and disabled students are to be educated in a mainstream classroom whenever possible. A specialized course of instruction must be developed for each disabled student, taking into account that child's capabilities. 20 U.S.C. § 1414(d)(1)(A). The services that a school district will provide to a child are to be summarized in a written statement called an individualized education program or IEP." *Gill v. Columbia 93 School Dist.*, 217 F.3d 1027, 1034 (8th Cir. 2000) *citations omitted*. The State educational agency is responsible for ensuring that the districts throughout the state meet the requirements of the IDEA.  20 U.S.C. §1412(a)(11).   School districts and state education departments may be held liable for failing to meet their obligation under IDEA.  20 U.S.C. §1415 (i)(2)(a)

    1. Official Capacity Claims:

Defendants claim that the allegations against the individuals in their "official capacity" are tantamount to a suit against the school district and since the school district is a defendant, such claims should be dismissed as redundant. "Suits against public employees in their official capacity are the legal equivalent of suits against the governmental entity itself". *Bankhead v. Knickrehm,* 360 F.3d 839, 844 (8th Cir. 2004). Plaintiffs made no response or argument against these Defendant's claim that the "official capacity claims" should be dismissed. Accordingly, the official capacity claims against Defendants, William Thomas, Lynn Wood and Clausey Myton are dismissed.

    2. Damages

Plaintiffs request relief in the form of compensatory and punitive damages. Plaintiffs are not entitled to compensatory or punitive damages under the IDEA. *Heidemann v. Rother*, 84 F. 3d 1021 (8th Cir. 1996). The only damages allowed under the IDEA are "reimbursement of expenses that the municipal government should have paid all along and would have borne in the first instance had it

developed a proper IEP." *Heidemann* at 1033.  Further, such damages if awarded are recoverable against the school district and not the individual defendants. *See Bradley v. Arkansas Dept. of Educ*. 301 F. 3d 952, 957 n.6 (8th Cir. 2002).  Because the Plaintiffs' cannot recover compensatory and punitive damages under the IDEA, they also cannot recover those damages in a § 1983 suit for violations of the IDEA. "Section 1983 merely secures the federally protected rights a plaintiff already holds. It does not expand those rights.... Section 1983 did not provide a right to damages where none existed before." *Id.* at 957.  Accordingly, Plaintiffs request for compensatory or punitive damages pursuant to the IDEA are dismissed.

      3. §504

In order to state any claim against a state school official under § 504, the [plaintiffs] must show that the official "acted in bad faith or with gross misjudgment.  Allegations of negligence do not 'clear the hurdle set by the explicit language of section 504.' " *Bradley* at 956.  Plaintiffs assert that Defendants acted in bad faith by "demanding a written statement from Plaintiff Calvin Ray Allen, Jr. that said Plaintiff desired to graduate from the Altheimer Consolidated School District High School, instead of receiving the compensatory education awarded in the Final Opinion and Order and by threatening to cause Plaintiff Calvin Ray Allen, Jr. to be placed in an adult jail for any disciplinary infractions."  Plaintiff has presented an article from the Pine Bluff Commercial quoting Defendant Thomas as follows: "because the student is of legal age, he may choose for himself whether to seek further education."  Plaintiffs contend that Defendants' bad faith attempt to make the student consent to graduate was an effort to circumvent and avoid the cost of compliance with the Final Opinion and Order.  The Court finds genuine issues of material fact exist as to whether

Defendants acted in bad faith or with gross misjudgment, accordingly, Defendants' motion for summary judgment on the Section 504 claim is denied.

Wherefore, Defendants' motion for summary judgment is denied in part and granted in part as stated herein.

IT IS SO ORDERED this 6th day of August, 2007.

_____
James M. Moody
United States District Judge